Elon Musk, ex-corps of Adam Sharpe, case number 25-428. Good morning, Your Honors. May it please the Court, I'm Jason Goodman, the pro se appellant in Goodman v. City of New York. I believe this appeal can be resolved on narrow grounds with regard to my First Amendment complaint. The District Court in the report and recommendation says clearly that in its view my pleading is difficult to understand, and although the report does cite many Second Circuit rulings about pro se pleadings being liberally construed and in the manner most favorable to the pro se, it does not, in my view, do that. Instead, it relied on a retaliation for journalism First Amendment argument, and what I was intending to argue was the petition aspect of the First Amendment right, that I was denied the right to make a police report about an assault and I'm not asking the Court to come to a decision about any sort of prosecution. The report and recommendation goes on to say that I don't have any interest in the prosecution of the DOE defendants. I wasn't arguing that. I was arguing that the denial of my right to make the report was the First Amendment, and even if that's the only thing About the petition. Correct, Your Honor. And even if that's the only aspect of the complaint that this Court reaches to, I believe remanding to the District Court for amendment to clarify would be the correct way to handle this, not dismissal with prejudice, as the lower court decided. Thank you very much. We'll hear from counsel C. Good morning, Your Honors, and may it please the Court, Lauren O'Brien on behalf of the City of New York. I think regardless of how the First Amendment claim is construed, the complaint fails to state a claim against the City of New York. Taking the right to petition the government claim that is pressed in the appellant's brief and on appeal, that claim I think is barred by two well-settled principles. The first is that the right to petition the government protects citizens' right to express their grievances to the government, but it does not impose an affirmative obligation on the government to listen or respond. And that principle was reiterated recently in Lori's committee for 9-11 inquiry by this Court, citing Smith v. Arkansas State Highway. And the second principle is that it does not protect, it does not create a right to have the police investigate or prosecute a third party, which was ultimately what was being sought here. The fact that the officers disagreed with his account of the altercation does not give rise to a First Amendment claim. I think it's pretty clear that any retaliation claim has been abandoned on appeal, but even if it hadn't been abandoned, it would be barred both by the existence of probable cause for the citation and independently by the lack of And finally, I just want to address the fact that the complaint was dismissed without leave to amend. Is there any right to report, to file a report with the NYPD? So I think... Forget about the First Amendment. Is there any right rooted either in the city law or some other law? I'm not sure that I can say broadly. I don't know that that right is implicated here because the plaintiff was able to file a report about the incident on the night that it occurred, the fact that he wanted to later amend it. I don't think there's any right to have the police amend a complaint about an incident that's already been reported on. And then later he was able to file a separate complaint with the NYPD's Office of Internal Affairs. And that complaint was fully investigated. So even if there was such a right, I don't think it's implicated by this case. And I just want to note that this plaintiff has submitted extensive additional factual material in opposition to the motion to dismiss, in a motion for reconsideration, in objections to the report and recommendation. And as the district court found, he was effectively given an opportunity to file an amended complaint because all of those additional factual allegations were considered in the district court's opinion. And I think this court should not afford him another opportunity to amend. Unless your honors have any further questions, we ask the court to affirm. Thank you very much. We'll hear from the counsel for Musk and ExCorp. Good morning, your honors. Kenneth Trujillo-Jameson on behalf of Applebee's, ExCorp and Elon Musk. This court should affirm the dismissal of the claims against ExCorp and Mr. Musk because Goodman failed to plausibly allege those claims against either of them. And the district court acted well within its discretion in denying Goodman leave to amend his complaint. With respect to the claims, and as Mr. Goodman clarified both on appeal and in his argument, his claim seems to be focused on an alleged denial to submit the police report. Those allegations have nothing to do with ExCorp or Mr. Musk. And they fail to state, they fail to plausibly allege that Mr. Musk or ExCorp engaged in any action under color of state law for purposes of the 1983 claim, nor do they plausibly allege any sort of agreement to violate any of his federal rights as the district court considered the allegations. There were no allegations of any, any non-speculative allegations of any agreement at all, much less an agreement to violate his federal constitutional rights. And even, you know, even with respect to the altercation that I think originally gave rise to the case, there's no allegations there that would plausibly allege any claim against ExCorp or Mr. Musk. And then also with respect to the denial with leave to amend, as counsel for the city has pointed out, this is a situation where Mr. Goodman was able to provide those allegations to the court below, and they were carefully considered in the course of several decisions by the district court on this particular case. And so we would submit that as the district court found granting leave to amend to file a further amended complaint would not, would be futile in this circumstance. So if there are any questions from the court. Thank you. Thank you very much. Good morning, Your Honors. May it please the court, John Mills for appellee Adam Sharp. As Mr. Goodman pointed out, his claims center on alleged interactions with New York Police Department officers and other personnel outside of ExCorp's headquarters in October and November 2022. Whether framed as a claim for retaliation for journalism or a right to petition, the complaint is clear that my client, Mr. Sharp, is not alleged to have been there, not alleged to have interacted with Mr. Goodman or participated in the acts giving rise to the claims. Rather, what Mr. Goodman did allege in the complaint, albeit in a conclusory manner, was that Mr. Sharp and District Judge Valerie Caproni were somehow involved in this incident and the alleged conspiracy to violate his constitutional rights based on Mr. Sharp's former employment at Twitter between 2010 and 2016, so 12 to 6 years before the incident. He also alleged that he authored a report detailing this alleged conspiracy in December 2022, months after the incident. The allegations against Mr. Sharp were conclusory and riddled with speculation devoid of any factual support and were appropriately dismissed. With respect to the denial of leave to amend, as against Mr. Sharp, Mr. Goodman has filed numerous separate cases with incessant filings that have all been dismissed with prejudice and without leave to amend. Mr. Goodman, as against Mr. Sharp, has also been the subject of filing injunctions, barring any filings by Mr. Goodman against Mr. Sharp in the Southern District without prior court permission, and for those reasons we respectfully request that this court affirm. Thank you very much. Thank you. Mr. Goodman, you reserve some time for rebuttal. With regard to, Your Honor, the city's argument that I already had an opportunity to make a police report, it's simply incorrect. Officer Chandler Castro, when I went to the 10th Precinct to make the report, after photographing finger marks on my neck following the incident, told me that there is no report. There is no report to amend is what he told me. There was no assault. There is no evidence. This was contradicted by Lieutenant Ibrahim, who I encountered, as you saw in the complaint, days after, who saw the evidence and said, oh, I didn't know that. Come in. We'll file a report for you. I went back to the police station and had further intimidation from Officer Powlett. I spoke about that in the complaint. As far as the charges against Mr. Musk, that was due to the, forgive me, respondeant superior where his bodyguard witnessed the entire event. And with regard to the disorderly conduct, that was the report that was written at the time of the incident that was facially defective and dismissed in criminal court. The only other member of the public who was Mr. Musk's employee, by his own admission to me, said he didn't witness anything. So the police saying that there was a public disturbance on the summons when the only other member of the public says he witnessed nothing seems inherently contradictory. Adam Sharp and Valerie Caproni have a long history of working together. Adam Sharp was in the U.S. Senate. Valerie Caproni was the FBI General Counsel. Events subsequent to all this revealed that employees, former employees of both Twitter and the FBI have testified that the FBI did, in fact, have influence over Twitter. I see my time is up. If there are any questions, I'm happy to answer. Thank you very much, Mr. Goodman, and thank you all. We have the full benefit of the argument on paper and morally. So, Mr. Goodman, you'll receive a decision from us. Actually, all of you will receive a decision from us in writing, whatever that is. But we will reserve the decision.